**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.W.**

**No. 25-53** (Webster County CC-51-2024-JA-49)

**MEMORANDUM DECISION**

Petitioner Mother A.H.[1] appeals the Circuit Court of Webster County's December 27, 2024, order terminating her parental rights to G.W., arguing that the circuit court erred by terminating her parental rights without granting her an improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August 2024, the DHS filed a petition alleging that the petitioner abused drugs to the detriment of her parenting skills, noting that she tested positive for methamphetamine, amphetamine, THC, and fentanyl. According to the DHS, the petitioner was adjudicated for substance abuse issues in an earlier proceeding, completed an improvement period, and was ultimately reunited with the child roughly five months prior to the filing of the instant petition. The DHS also alleged that law enforcement responded to a domestic incident wherein the child's father punched the petitioner in the face, attempted to choke her, and destroyed the windshield of a car so that she could not flee. Thereafter, a Child Protective Services ("CPS") worker investigated the residence and discovered that the then-one-year-old child did not have an appropriate crib and that the home was unsanitary and unfit for the child due to the presence of trash, dog feces, mold, roaches, and an overflowing toilet.

In September 2024, the petitioner filed a written motion requesting either a preadjudicatory, post-adjudicatory, or post-dispositional improvement period. The following month, the circuit court held an adjudicatory hearing at which a CPS worker testified that, when he initially investigated the allegations, he observed that the petitioner was under the influence, and upon inquiry the petitioner admitted to using illegal substances. Later that evening, the petitioner tested positive for amphetamine, benzodiazepines, and fentanyl and those screens were admitted into evidence. The worker then described the poor condition of the home, noting the

---

[1] The petitioner appears by counsel Andrew B. Chattin. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Wyclif Farquharson. Counsel Mackenzie A. Holdren appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

presence of dog feces, an overflowing toilet, black mold, and roaches. The father testified that he struck the petitioner in the living room of their home while the child was present but claimed that the petitioner had spit in his face. The father admitted that he destroyed the car windshield with a baseball bat and that he was aware that the pets were defecating in the home. In the resulting order, the court found that both the petitioner and the father failed to provide the child with a suitable home, abused drugs while caring for the child, and engaged in domestic violence in the child's presence. Based upon these findings, the court adjudicated the petitioner of abusing and neglecting the child.

In December 2024, the circuit court held a dispositional hearing, at which a CPS worker testified that the petitioner was testing positive for Suboxone despite not being enrolled in a medication-assisted treatment program. The worker explained that the petitioner was involved in a prior proceeding where she completed a post-dispositional improvement period[3] and graduated from family treatment court ("FTC") but that approximately five months later, the instant petition was filed alleging that she was abusing drugs again. The worker further testified that if the petitioner were granted an improvement period, she would receive the same services as she did in the prior proceeding and that the only new service that the DHS could offer the petitioner was long-term, inpatient drug rehabilitation program. The worker opined that the petitioner could be characterized as having regressed since the prior proceeding due to the new issues of domestic violence and unsuitable living conditions and concluded by stating that she "[couldn't] say it is a hundred percent in the best interest of the child for [the petitioner] to have an improvement period." The petitioner then testified, renewing her request for an improvement period. The petitioner admitted that she relapsed shortly after graduating from FTC and used drugs approximately one month after the instant petition was filed. At the conclusion of the hearing, the court found that the petitioner failed to establish that she would comply with the terms of another improvement period, as evidenced by her continued drug use.

In the resulting dispositional order, the court found that the petitioner was granted both a post-adjudicatory improvement period and a post-dispositional improvement period in the prior proceeding—both of which were aimed at helping her overcome her substance abuse. However, the petitioner stated that she did not learn anything in the prior proceeding. The court considered the short amount of time between the dismissal of the prior proceeding and the initiation of the instant matter, as well as the petitioner's failure to address her substance abuse issue, and found that the petitioner did not demonstrate that she would participate in a further improvement period, there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect in the foreseeable future, and there was no less restrictive alternative to termination that would protect the health, safety, and welfare of the child and give the child the permanency he deserved. Accordingly, the court terminated the petitioner's parental rights. It is from this order that the petitioner appeals.[4]

---

[3] According to the record, the petitioner was granted two improvement periods in the prior proceedings.

[4] The father's parental rights were also terminated, and the permanency plan for the child is adoption in the current placement.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by terminating her parental rights without first granting her an improvement period. However, "[t]he circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, the court found that improvement was unlikely due to the petitioner's failure to maintain sobriety after the prior proceeding during which she received nearly two years of services and which ended shortly before these proceedings began. Given that the circuit court explicitly considered the petitioner's past performance under improvement periods and her subsequent relapse giving rise to the instant proceedings, we decline to reweigh that evidence. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not . . . weigh evidence as that is the exclusive function and task of the trier of fact."). We therefore conclude that the circuit court did not err.

To the extent that the petitioner argues that termination of her parental rights was not the least restrictive alternative and that there was a reasonable likelihood that she would correct the conditions of abuse and neglect, we disagree. We have held that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Here, the court heard evidence that the petitioner relapsed very shortly after the dismissal of the prior proceeding and that she would receive substantially the same services again if a new improvement period was granted. In fact, a CPS worker testified that the petitioner had actually regressed since the prior proceeding, considering her new issues of domestic violence and unsuitable living conditions. These facts support the court's ultimate determination that there was no reasonable likelihood that the conditions of abuse and neglect could be remedied. *See* W. Va. Code § 49-4-604(d) ("'No reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."). The court also correctly considered the child's best interest, finding that his young age and need for permanency necessitated termination. *See In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980) ("[C]ourts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years . . . ."). As such, we find no error in the court's termination of the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 27, 2024, order is hereby affirmed.

Affirmed.

3

**ISSUED**: January 29, 2026


**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III